UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**KIMBERLY DICKSON,**              CASE NO.:

    **Plaintiff,**

v.

**GOLD EQUITY, LLC d/b/a
MICANOPY INN MOTEL, and RAM
COHEN, individually,**

    **Defendants.**                    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLY DICKSON, by and through the undersigned attorney, sue the Defendants, GOLD EQUITY, LLC D/B/A MICANOPY INN MOTEL a Florida Limited Liability Company (hereinafter "Micanopy Inn"), and RAM COHEN, individually (collectively "Defendants"), and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendants within the last three years in Alachua County, Florida.

1

3. Plaintiff worked for Defendants from around March 2016 to April 2017 as an hourly paid employee Front Desk Agent/Housekeeper at an hourly rate of $10.00 per hour.

4. Plaintiff then worked for Defendants again from around June 2019 to September 2019 as an an hourly paid Assistant Manager at an hourly rate of $10.00 per hour.

5. At all times material to this cause of action, Defendant MICANOPY INN was an enterprise subject to the FLSA.

6. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant MICANOPY INN is a Florida Limited Liability Company that operates and conducts business in Alachua County, Florida and is therefore, within the jurisdiction of this Court.

8. Defendant MICANOPY INN operates as a motel business in Micanopy, Florida.

9. At all times relevant to this action, Defendant RAM COHEN was an individual who owned and operated MICANOPY INN, and who regularly exercised the authority to: (a) hire and fire employees of MICANOPY INN; (b) determine the work schedules for the employees of MICANOPY INN, and (c) control the finances

and operations of MICANOPY INN. By virtue of having regularly exercised that authority on behalf of MICANOPY INN, RAM COHEN is/was an employer as defined by 29 U.S.C. § 201, et seq.

10. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment with Defendants, MICANOPY INN earned more than $500,000.00 per year in gross sales.

13. Defendant MICANOPY INN employed approximately eighteen (18) employees and paid these employees plus earned a profit from their business.

14. During Plaintiff's employment, Defendant MICANOPY INN employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which traveled in interstate commerce, including but not limited to computers, telephones, fax machines, point of sale systems, and other tools/materials used to run the business.

15. Therefore, at all material times relevant to this action, Defendant MICANOPY INN was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

16. Additionally, Plaintiff is individually covered under the FLSA because she was engaged in interstate commerce by taking reservations from and charging guests from outside the state of Florida.

## Overtime Violations

17. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which she was not paid proper overtime wages for all overtime hours worked.

18. During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per workweek during one or more workweeks.

19. During her employment with Defendants, Plaintiff routinely worked overtime hours.

20. Defendants paid Plaintiff her regular hourly rate of $10.00 per hour for the first forty (40) hours each week.  For any hours worked over forty (40) in a given week Plaintiff either received only her straight time hourly rate or no pay at all.

21. Plaintiff is entitled to her regular rate of pay ($10.00/hour) plus the half-time premium ($5.00/Overtime hour) for all hours worked in excess of forty (40) per week.

22. Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

23. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

24. Plaintiff incorporates and re-alleges paragraphs one (1) through twenty-three (23) above.

25. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek.

26. During her employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

27. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

28. Defendants did not have a good faith basis for its failure to pay Plaintiff proper overtime compensation for each hour worked in excess of forty (40) per work week.

29. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KIMBERLY DICKSON, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 2nd day of January, 2020.

**/s/ JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile:  (407) 204-2206
Email: JPavlos@forthepeople.com
*Attorneys for Plaintiff*